Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Sean M. Hardy (SBN 266446)
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars
Suite 500
Los Angeles, CA 90067
Los Angeles, California 90067
Telephone: (310) 201-0005

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS, INC., a California Corporation, | CASE NO. 2:17-cv-04811-SJO-E |
| Plaintiff, | Honorable Judge: S. James Otero<br>Referred to: Hon. James E. Eick |
| v. | |
| NORDSTROM, INC., a Delaware Corporation; MIMI CHICA, a California Corporation; and DOES 1 through 10, inclusive, | ***DISCOVERY MATTER***<br><br>**STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

1    prosecuting this litigation may be warranted.  Accordingly, the parties hereby
2    stipulate to and petition the court to enter the following Stipulated Protective Order.
3    The parties acknowledge that this Order does not confer blanket protections on all
4    disclosures or responses to discovery and that the protection it affords from public
5    disclosure and use extends only to the limited information or items that are entitled
6    to confidential treatment under the applicable legal principles.  The parties further
7    acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective
8    Order does not entitle them to file confidential information under seal; Civil Local
9    Rule 79-5.1 sets forth the procedures that must be followed and the standards that
10   will be applied when a party seeks permission from the court to file material under
11   seal.

12   **2.**   **DEFINITIONS**

13        2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the
14   designation of information or items under this Order.

15        2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of
16   how it is generated, stored or maintained) or tangible things that qualify for
17   protection under Federal Rule of Civil Procedure 26(c).  Such information may
18   include, but is not limited to:

19        (a)    The financial performance or results of the Designating Party,
20   including without limitation income statements, balance sheets, cash flow analyses,
21   and budget projections;

22        (b)    Corporate and strategic planning by the Designating Party,
23   including without limitation marketing plans, sales projections and competitive
24   strategy documents;

25        (c)    Names, addresses, and other information that would identify
26   customers or prospective customers, or the distributors or prospective distributors
27   of the Designating Party;

28        (d)    Research and development data, and any other confidential

2

commercial information, including but not limited to trade secrets of the Designating Party;

(e)      Information used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive value, which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

(f)      Information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California; and

(g)      Information which the Designating Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other confidential information.

(h)      The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

2.3      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

3

1  an expert witness or as a consultant in this action.

2      2.7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3  Information or Items: extremely sensitive "Confidential Information or Items,"

4  disclosure of which to another Party or Non-Party would create a substantial risk of

5  serious harm that could not be avoided by less restrictive means.  Information and

6  material that may be subject to this protection includes, but is not limited to,

7  research and development data, intellectual property, financial, marketing and other

8  sales data, and/or information having strategic commercial value pertaining to the

9  Designating Party's trade or business.

10      2.8  House Counsel:  attorneys who are employees of a party to this action.

11  House Counsel does not include Outside Counsel of Record or any other outside

12  counsel.

13      2.9  Non-Party: any natural person, partnership, corporation, association, or

14  other legal entity not named as a Party to this action.

15      2.10  Outside Counsel of Record: attorneys who are not employees of a

16  party to this action but are retained to represent or advise a party to this action and

17  have appeared in this action on behalf of that party or are affiliated with a law firm

18  which has appeared on behalf of that party.

19      2.11  Party: any party to this action, including all of its officers, directors,

20  employees, consultants, retained experts, and Outside Counsel of Record (and their

21  support staffs).

22      2.12  Producing Party: a Party or Non-Party that produces Disclosure or

23  Discovery Material in this action.

24      2.13  Professional Vendors: persons or entities that provide litigation

25  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

26  demonstrations, and organizing, storing, or retrieving data in any form or medium)

27  and their employees and subcontractors.

28      2.14  Protected Material: any Disclosure or Discovery Material that is

4

1  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY."

3      2.15  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

4  Material from a Producing Party.

5  **3.  <u>SCOPE</u>**

6      The protections conferred by this Stipulation and Order cover not only

7  Protected Material (as defined above), but also (1) any information copied or

8  extracted from Protected Material; (2) all copies, excerpts, summaries, or

9  compilations of Protected Material; and (3) any testimony, conversations, or

10  presentations by Parties or their Counsel that might reveal Protected Material.

11  However, the protections conferred by this Stipulation and Order do not cover the

12  following information: (a) any information that is in the public domain at the time

13  of disclosure to a Receiving Party or becomes part of the public domain after its

14  disclosure to a Receiving Party as a result of publication not involving a violation

15  of this Order, including becoming part of the public record through trial or

16  otherwise; and (b) any information known to the Receiving Party prior to the

17  disclosure or obtained by the Receiving Party after the disclosure from a source

18  who obtained the information lawfully and under no obligation of confidentiality to

19  the Designating Party.  Any use of Protected Material at trial shall be governed by a

20  separate agreement or order.

21      The designation of any information or materials as "CONFIDENTIAL" or

22  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely

23  to facilitate the conduct of this litigation.  Neither such designation nor treatment

24  in conformity with such designation shall be construed in any way as an

25  admission or agreement by the Receiving Party that the Protected Materials

26  constitute or contain any trade secret or confidential information, or the

27  discoverability thereof.  Except as provided in this Protective Order, the Receiving

28  Party shall not be obligated to challenge the propriety of any designation, and a

failure to do so shall not preclude a subsequent attack on the propriety of such designation.

Nothing contained herein in any way restricts the ability of the Receiving Party to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party. The Parties acknowledge and agree that Receiving Party may not use Protected Materials marked by a Designating Party to examine or cross-examine an employee or consultant or another individual associated with a non-Designating Party. At deposition, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.

If a party wishes to use Protected Material during an examination of an employee or consultant or another individual associated with a non-Designating Party, and the Designating Party objects to such use, the parties shall hold a meet and confer to resolve the dispute. If the meet and confer is unsuccessful, the parties may contact the Court to request an informal discovery conference with the Magistrate Judge, to be held telephonically, to resolve the dispute.

## 4.   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

STIPULATED PROTECTIVE ORDER

## 5.  **DESIGNATING PROTECTED MATERIAL**

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection.</u>
Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains

7

1  protected material.  If only a portion or portions of the material on a page qualifies

2  for protection, the Producing Party also must clearly identify the protected

3  portion(s) (e.g., by making appropriate markings in the margins) and must specify,

4  for each portion, the level of protection being asserted.

5       A Party or Non-Party that makes original documents or materials available

6  for inspection need not designate them for protection until after the inspecting Party

7  has indicated which material it would like copied and produced.  During the

8  inspection and before the designation, all of the material made available for

9  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY." After the inspecting Party has identified the documents it wants copied

11  and produced, the Producing Party must determine which documents, or portions

12  thereof, qualify for protection under this Order.  Then, before producing the

13  specified documents, the Producing Party must affix the appropriate legend

14  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15  ONLY") to each page that contains Protected Material.  If only a portion or portions

16  of the material on a page qualifies for protection, the Producing Party also must

17  clearly identify the protected portion(s) (e.g., by making appropriate markings in

18  the margins) and must specify, for each portion, the level of protection being

19  asserted.

20       (b) for testimony given in deposition or in other pretrial or trial proceedings,

21  that the Designating Party identify on the record, before the close of the deposition,

22  hearing, or other proceeding, all protected testimony and specify the level of

23  protection being asserted.  When it is impractical to identify separately each portion

24  of testimony that is entitled to protection and it appears that substantial portions of

25  the testimony may qualify for protection, the Designating Party may invoke on the

26  record (before the deposition, hearing, or other proceeding is concluded) a right to

27  have up to 45 days to identify the specific portions of the testimony as to which

28  protection is sought and to specify the level of protection being asserted.  Only

1   those portions of the testimony that are appropriately designated for protection

2   within the 45 days shall be covered by the provisions of this Stipulated Protective

3   Order.  Alternatively, a Designating Party may specify, at the deposition or up to 45

4   days afterwards if that period is properly invoked, that the entire transcript shall be

5   treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

6   EYES ONLY."

7          Parties shall give the other parties notice if they reasonably expect a

8   deposition, hearing or other proceeding to include Protected Material so that the

9   other parties can ensure that only authorized individuals who have signed the

10  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

11  proceedings.  The use of a document as an exhibit at a deposition shall not in any

12  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

13  – ATTORNEYS' EYES ONLY."

14         Transcripts containing Protected Material shall have an obvious legend on

15  the title page that the transcript contains Protected Material, and the title page shall

16  be followed by a list of all pages (including line numbers as appropriate) that have

17  been designated as Protected Material and the level of protection being asserted by

18  the Designating Party.  The Designating Party shall inform the court reporter of

19  these requirements.  Any transcript that is prepared before the expiration of a 45-

20  day period for designation shall be treated during that period as if it had been

21  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

22  entirety unless otherwise agreed.  After the expiration of that period, the transcript

23  shall be treated only as actually designated.

24         (c) for information produced in some form other than documentary and for

25  any other tangible items, that the Producing Party affix in a prominent place on the

26  exterior of the container or containers in which the information or item is stored the

27  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28  EYES ONLY".  If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

1  designation. A Challenging Party may proceed to the next stage of the challenge

2  process only if it has engaged in this meet and confer process first or establishes

3  that the Designating Party is unwilling to participate in the meet and confer process

4  in a timely manner.

5       6.3  Judicial Intervention. If the Parties cannot resolve a challenge without

6  court intervention, the Challenging Party shall file and serve a motion to challenge

7  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule

8  79-5.1, if applicable) within 21 days of the initial notice of challenge or within 14

9  days of the parties agreeing that the meet and confer process will not resolve their

10  dispute, whichever is earlier. Each such motion must be accompanied by a

11  competent declaration affirming that the movant has complied with the meet and

12  confer requirements imposed in the preceding paragraph. Failure by the

13  Challenging Party to make such a motion including the required declaration within

14  21 days (or 14 days, if applicable) shall automatically waive the ability to challenge

15  the confidentiality designation for each challenged designation. In addition, the

16  Designating Party may file a motion for a protective order preserving the

17  confidential designation at any time if there is good cause for doing so. Any

18  motion brought pursuant to this provision must be accompanied by a competent

19  declaration affirming that the movant has complied with the meet and confer

20  requirements imposed by the preceding paragraph.

21       The burden of persuasion in any such challenge proceeding shall be on the

22  Challenging Party. Frivolous challenges and those made for an improper purpose

23  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

24  expose the Challenging Party to sanctions. Until such time as a determination has

25  been made on any such motion by the Court, all parties shall continue to afford the

26  material in question the level of protection to which it is entitled under the

27  Producing Party's designation until the court rules on the challenge.

28

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

1    (e) court reporters and their staff, professional jury or trial consultants, and

2    Professional Vendors to whom disclosure is reasonably necessary for this litigation

3    and who have signed the "Acknowledgment and Agreement to Be Bound"

4    (Exhibit A);

5    (f) during their depositions, witnesses in the action to whom disclosure is

6    reasonably necessary and who have signed the "Acknowledgment and Agreement

7    to Be Bound" (Exhibit A), <u>unless otherwise agreed by the Designating Party or</u>

8    <u>ordered by the court</u>.  Pages of transcribed deposition testimony or exhibits to

9    depositions that reveal Protected Material must be separately bound by the court

10   reporter and may not be disclosed to anyone except as permitted under this

11   Stipulated Protective Order.

12   (g) the author or recipient of a document containing the information or a

13   custodian or other person who otherwise possessed or knew the information.

14   7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted

16   in writing by the Designating Party, a Receiving Party may disclose any

17   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY" only to:

19   (a) the Receiving Party's Outside Counsel of Record in this action, as well as

20   employees of said Outside Counsel of Record to whom it is reasonably necessary to

21   disclose the information for this litigation and who have signed the

22   "Acknowledgment and Agreement to Be Bound" that is attached hereto as

23   Exhibit A;

24   (b) Experts of the Receiving Party to whom disclosure is reasonably

25   necessary for this litigation, and who have signed the "Acknowledgment and

26   Agreement to Be Bound" (Exhibit A);

27   (c) the court and its personnel;

28   (d) court reporters and their staff, professional jury or trial consultants, and

1   Professional Vendors to whom disclosure is reasonably necessary for this litigation

2   and who have signed the "Acknowledgment and Agreement to Be Bound"

3   (Exhibit A); and

4       (e) the author or recipient of a document containing the information or a

5   custodian or other person who otherwise possessed or knew the information.

6   **8.**   **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

7           **PRODUCED IN OTHER LITIGATION**

8       If a Party is served with a subpoena or a court order issued in other litigation

9   that compels disclosure of any information or items designated in this action as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY" that Party must:

12      (a) promptly notify in writing the Designating Party. Such notification shall

13  include a copy of the subpoena or court order;

14      (b) promptly notify in writing the party who caused the subpoena or order to

15  issue in the other litigation that some or all of the material covered by the subpoena

16  or order is subject to this Protective Order. Such notification shall include a copy

17  of this Stipulated Protective Order; and

18      (c) cooperate with respect to all reasonable procedures sought to be pursued

19  by the Designating Party whose Protected Material may be affected.

20      If the Designating Party timely seeks a protective order, the Party served with

21  the subpoena or court order shall not produce any information designated in this

22  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23  EYES ONLY" before a determination by the court from which the subpoena or

24  order issued, unless the Party has obtained the Designating Party's permission. The

25  Designating Party shall bear the burden and expense of seeking protection in that

26  court of its confidential material – and nothing in these provisions should be

27  construed as authorizing or encouraging a Receiving Party in this action to disobey

28  a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
**PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected

15

Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

16

1   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

2   any ground to use in evidence of any of the material covered by this Protective

3   Order.  Moreover, this Order shall not preclude or limit any Party's right to seek

4   further and additional protection against or limitation upon production of

5   documents produced in response to discovery. The parties reserve their rights to

6   object to, redact or withhold any information, including confidential, proprietary, or

7   private information, on any other applicable grounds permitted by law, including

8   third-party rights and relevancy.

9       12.3   Other Privileges.  Nothing in this Order shall require disclosure of

10  materials that a Party contends are protected from disclosure by the attorney-client

11  privilege or the attorney work-product doctrine.  This provision shall not, however,

12  be construed to preclude any Party from moving the Court for an order directing the

13  disclosure of such materials where it disputes the claim of attorney-client privilege

14  or attorney work-product doctrine.

15      12.4   Filing Protected Material.  Without written permission from the

16  Designating Party or a court order secured after appropriate notice to all interested

17  persons, a Party may not file in the public record in this action any Protected

18  Material.  A Party that seeks to file under seal any Protected Material must comply

19  with Civil Local Rule 79-5.1.  Protected Material may only be filed under seal

20  pursuant to a court order authorizing the sealing of the specific Protected Material

21  at issue.  Pursuant to Civil Local Rule 79-5.1, a sealing order will issue only upon a

22  request establishing that the Protected Material at issue is privileged, protectable as

23  a trade secret, or otherwise entitled to protection under the law.  If a Receiving

24  Party's request to file Protected Material under seal pursuant to Civil Local Rule

25  79-5.1 is denied by the court, then the Receiving Party may file the Protected

26  Material in the public record pursuant to Civil Local Rule 79-5.1 unless otherwise

27  instructed by the court.

28      12.5   No Prejudice.  This Protective Order shall not diminish any existing

17

STIPULATED PROTECTIVE ORDER

obligation or right with respect to Protected Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

12.6   <u>Self-Disclosure.</u>  Nothing in this Order shall affect the right of the Designating Party to disclose the Designating Party's own Confidential information or items to any person or entity.  Such disclosure shall not waive any of the protections of this Order.

12.7   <u>Captions.</u>  The captions of paragraphs contained in this Order are for reference only and are not to be construed in any way as a part of this Order.

## 13.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or

18

1   constitute Protected Material remain subject to this Protective Order as set forth in
2   Section 4 (DURATION).
3
4
5
6                                              **Respectfully submitted,**
7
    Dated:  May 16, 2018          By:   */s/ Trevor W. Barrett*
8                                         Scott Alan Burroughs, Esq.
9                                         Trevor W. Barrett, Esq.
                                          DONIGER /BURROUGHS
10                                        Attorneys for Plaintiff
11
12                                             **Respectfully submitted,**
13  Dated:  May 16, 2018          By:   */s/ Sean M. Hardy*
14                                        Sean M. Hardy (SBN 266446)
                                          FREEDMAN + TAITELMAN, LLP
15                                        Attorney for Nordstrom, Inc.,
16                                              Mimi Chica.
17
18  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
19
20
21  Dated:  6/1/18                By:  _____
22                                        Honorable Charles E. Eick
                                          U.S. Magistrate Judge
23
24
25
26
27
28

                                        19

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of *Unicolors,*

*Inc.. v. Rainbow USA, Inc., et al.,* Case No.: 2:17-cv-05994-PSG-JPR. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20

STIPULATED PROTECTIVE ORDER